UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SHIRLEY CLARKE, JAMES GOURDET,
and DESMOND LEWIN, on behalf of
themselves and others similarly situated,

                Plaintiffs,

    - against -

CITY OF NEW YORK,

                Defendant.

-------------------------------------------------------------x



CV 06

COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Shirley Clarke, James Gourdet, and Desmond Lewin, by their undersigned

attorneys, for their Complaint against defendant City of New York, allege as follows:

## INTRODUCTION

1.     This is a collective action for monetary and other relief brought by three employees

of the New York City Department of Health and Mental Hygiene ("DOH"), on behalf of themselves

and other employees and former employees similarly situated, under Section 16 of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29

U.S.C. § 216 (b), and Section 1331 of Title 28 of the United States Code.

3.     This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.    DOH is a municipal department of defendant City of New York. Its headquarters are at 125 Worth Street, New York, New York  10013.

5.    Plaintiffs are employed by DOH as Public Health Sanitarians.

6.    Plaintiffs bring this action on behalf of themselves and other employees and  former employees of DOH similarly situated within the meaning of Section 16(b) of the FLSA, 29 U.S.C. § 216(b), whose rights under the FLSA have been violated.

## FACTS RELEVANT TO ALL CLAIMS

7.    At all relevant times, DOH has paid and continues to pay employees biweekly on a hourly basis the wages that they have earned in the preceding two weeks.

8.    Throughout plaintiffs' term of employment with DOH, the agency required plaintiffs to transport heavy equipment, including lead analyzers, carbon monoxide testers, industrial thermometers, computers, printers, chargers, batteries, paper, and telephones, to their first assigned location and from their last assigned location.

9.    DOH also required plaintiffs to perform activities at home, including maintaining the equipment, storing the equipment consistent with hazardous material regulations, recharging batteries, preparing the equipment for use, reviewing their daily assignments, mapping out a geographic route for the day, loading and unloading the equipment into and out of their vehicles, and completing paperwork. These tasks are principal activities which plaintiffs are required to perform.

-2-

10.     DOH does not compensate plaintiffs for the time spent performing the above-referenced activities. As a result, plaintiffs frequently worked more than 40 hours in a workweek without being paid one-and-one-half times their hourly wage for hours in excess of 40.

## FIRST CAUSE OF ACTION

11.     Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiffs and other employees at one-and-one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek. Defendant's failure to pay plaintiffs and other employees time-and-a-half for their overtime hours worked was willful within the meaning of the FLSA.

12.     Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), defendant is liable to plaintiffs, and to other employees and former employees of defendant, in the amount of the unpaid compensation they were entitled by law to receive but were, in fact, not paid, plus liquidated damages in an equal amount, plus reasonable attorney's fees and costs.

## TRIAL BY JURY

Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.     Order defendant to make a complete accounting to plaintiffs and to those similarly situated persons who hereafter request and consent to become plaintiffs (collectively, the "aggrieved

-3-

employees") of the hours that each worked on a weekly basis and of all payments each aggrieved

employee received in compensation for the three-year period preceding the commencement of this

action;

2.      Order defendant to pay to each aggrieved employee all unpaid wages due and owing

because of defendant's failure to compensate each aggrieved employee at a rate of time and one-half

her regular rate of compensation for each hour worked in excess of 40 during each workweek;

3.      Order defendant to pay liquidated damages pursuant to 29 U.S.C. § 216(b);

4.      Order defendant to pay plaintiffs' reasonable attorney's fees and costs; and

5.      Grant plaintiffs such other and further relief as the Court deems proper and just.

Dated:  October 2⁶ , 2006

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiffs

By:    _____

Stuart Lichten (SL-1258)
113 University Place - 11th Floor
New York, New York  10003
(212) 228-6320

-4-