**MANDATE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

SDNY (NYNY)
06.cv.11397
Lynch

08-6039-cv (L), 08-6189-cv (CON)
Clarke v. City of New York

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

FILED
SEP 22 2009
Catherine O'Hagan Wolfe, Clerk

#### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand nine.

PRESENT:

CHESTER J. STRAUB,
RICHARD C. WESLEY,
            *Circuit Judges*,
PAUL G. GARDEPHE,*
            *District Judge.*

_____

Shirley Clarke, on behalf of herself and others similarly situated, James Gourdet, on behalf of herself and others similarly situated, Desmond Lewin, on behalf of herself and others similarly situated, Oluwatoyin Akinfeleye, Anthony Akinyemi, Gifty Akomea, Charles Attoh, S. Bhair Botros, Dawn

---

*Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

**ISSUED AS MANDATE:**    OCT 1 3 2009

Branch, B. Brunot, Sarah Batsiyah, Abdul G. Chaudhary, Michele Chin-On, Cheryl Denton, Lovely Desir, Rosemary E. Ehigiator, Mahalia Epiphane, Fabian Ferguson, Farooq H. Faizi, Odette Freckleton, Jackeline Guerra, Vernon Herbert, Popoola Isaac, Natasha Itwam, Floy Jarvis, Dildar Javed, Dolphy Lamarre, Waheed Lawal, Yin Ling Leung, Ferdousi Momen, Reginald Osuji, Roxanne Peters, Herold Pierre, Donald Ramnauth, Zenela Romney-Thomas, Tatyana Shekhtman, Christopher Sherman, Charlton H.I. Smith, Christopher Stephenson, Lalzachan Sukhu, Drusilla Teeluassingh-Dhindsa, Cemone Thomas, Cesar Torales, Valeriy Akopyan, Olga Cerrato, Masud Lasker, Melvin Peralta, George Seaforth,

### Plaintiffs-Appellants,

Mark D. Allen, Mark Blake, Oliver Thomas, Andre Johannes, Fitz Reid, Samsaywack Singh, Debra Johnson,

### Plaintiffs

v.                                              08-6039-cv
                                                08-6189-cv

City of New York

### Defendant-Appellee.

---

FOR PLAINTIFFS-APPELLANTS:          Stuart Lichten,
                                    Schwartz, Lichten & Bright,
                                    P.C.
                                    New York, New York

FOR DEFENDANT-APPELLEE:             Michael A. Cardozo
                                    (Leonard Koerner and Ronald
                                    E. Sternberg, of Counsel),
                                    Corporation Counsel of the
                                    City of New York, New York,
                                    New York

Appeal from the United States District Court for the Southern District of New York (Lynch, J.).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED:

Appellants Clarke et al. appeal from judgments by the United States District Court for the Southern District of New York (Lynch, J.), after a jury verdict, dismissing the complaint and denying judgment as a matter of law.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This case falls squarely under the previously decided *Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008).  In *Singh*, a group of inspectors with the Fire Alarm Inspection Unit of the New York Fire Department brought a claim under the Fair Labor Standards Act ("FLSA"), as amended by the Portal-to-Portal Act, demanding compensation for their commuting time because they were required by their employer to transport and protect inspection documents.  *Id.*  The collective weight of their materials was between 15 and 20 pounds.  *Id.* at 365.

We analyzed the claim in two parts, looking first to whether plaintiffs were entitled to compensation for the entire commute and, if not, whether they were entitled to

3

1  compensation for the additional commuting time that resulted

2  from their transport of these materials.  *Id*. at 366-67.

3  For the first part of the analysis, we applied a

4  "predominant benefit test," asking whether the employer's

5  restrictions hindered the employees' ability to use their

6  commuting time as they otherwise would have.  *Id*. at 369.

7  We determined that the inspectors' commute was not

8  materially altered by their document transport

9  responsibilities, and thus they were not entitled to

10 compensation for the entire commute.  *Id*. at 370.  We then

11 looked to the second part of the test to determine if the

12 additional commuting time that resulted from the transport

13 of the documents was compensable.  *Id*.  While noting that

14 the additional time was time spent "necessarily and

15 primarily for the benefit of the City" and thus was

16 compensable, we looked to a three-part test to determine if

17 such compensable time qualified as de minimis.  *Id*.  The

18 three factors were: "(1) the practical administrative

19 difficulty of recording additional time; (2) the size of the

20 claim in the aggregate; and (3) whether the claimants

21 performed the work on a regular basis."  *Id*. at 371.  Under

22 this test, we determined that the additional commuting time

23 was de minimis as a matter of law.  *Id*.  Thus, none of the

4

1   plaintiffs' commuting time was compensable under the FLSA.

2   *Id*. at 372.

3        The facts of the case before us are materially

4   indistinguishable from *Singh*.  Plaintiffs in this case, like

5   *Singh*, are responsible for the transport of a 20-pound bag

6   of equipment.[1]  This 20-pound bag, however, does not burden

7   the plaintiffs to such a degree as to make the City the

8   predominant beneficiary of their commute.   Their

9   responsibility is limited to transporting the bag; there are

10  no other active work-related duties required during the

11  commute.  Transporting a bag in a car trunk, or at

12  plaintiffs' feet on a train or bus, allows them to use their

13  commuting time as they wish.  To the extent that the bag

14  adds time to their commute, we find, just as in *Singh*, that

15  such time is de minimis and non-compensable.

16       We reviewed the jury instructions and found no error.

17       For the foregoing reasons, the judgment of the district

18  court is AFFIRMED.

19

20                              FOR THE COURT:
21                              Catherine O'Hagan Wolfe, Clerk
22
23                              By: _Richard Alcantara_____
24                              Richard Alcantara, Deputy Clerk

---

[1]Though there appeared to be a dispute at trial as to
the weight of the equipment, Appellants' brief uses an
estimate of "at least 20 pounds."

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

DEPUTY CLERK